■ JOSEPHINE PORRECA, as Parent and Natural Guardian of DENNIS PORRECA and Another, Infants, et al., Plaintiffs, v CHRYSLER MOTORS CORPORATION et al., Respondents, and PULCHER's MOTORS, INC., Appellant. McGIFFERT BROTHERS GARAGE, Defendant and Third-Party Plaintiff-Respondent, v LARRY PORRECA, Third-Party Defendant-Respondent.—Appeal from an order of the Supreme Court at Special Term, entered January 21, 1976 in Columbia County, which denied the motion of Pulcher's Motors, Inc., for summary judgment. Special Term properly found that there were issues of fact and, accordingly, denied summary judgment. Order affirmed, without costs. Koreman, P. J., Sweeney, Main, Larkin and Herlihy, JJ., concur.

■ In the Matter of SHANNON Z, by THOMAS Y, Respondent, v LARRY Z, Appellant.—Appeal from an order of the Family Court, Schenectady County, entered April 7, 1976, which found the appellant to have abandoned his natural child within the meaning of section 111 of the Domestic Relations Law and ordered the Schenectady County Probation Department to make an investigation of petitioner pursuant to section 116 of the Domestic Relations Law. The facts are set forth in detail in the decision of the Family Court. Suffice it to observe that the record clearly supports the factual finding of abandonment by the appellant. Order affirmed, with costs. Koreman, P. J., Sweeney, Mahoney, Main and Herlihy, JJ., concur.

■ NATIONAL BANK OF DELAWARE COUNTY, WALTON, Respondent, v MARY FENTON, Appellant.—Appeal from an order of the Supreme Court at Special Term, entered July 12, 1976 in Delaware County, which enjoined defendant, *pendente lite,* from interfering with the plaintiff's removing a vault door and attachments from premises owned by the defendant, and from interfering with any reasonable means plaintiff may employ to effect the removal of said door from said premises. Inasmuch as it appears that the plaintiff has already proceeded to remove the vault door and attachments from the demised premises, the present appeal has been rendered moot. The controverted issues concerning whether or not the removal of the vault door and attachments violated the terms of the lease should be determined in the plenary action. Appeal dismissed *sua sponte* as moot, without costs. Koreman, P. J., Greenblott, Kane, Larkin and Herlihy, JJ., concur.